IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>EXELON GENERATION COMPANY,<br><br>Defendant. | Civil Action No. 21-cv-5689<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK") (collectively, "Plaintiffs"), allege the following as and for their complaint against Exelon Generation Company, ("Defendant"):

**INTRODUCTION**

1. Plaintiffs bring this action against Defendant under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for willful infringement of Plaintiffs' registered copyrights.

**THE PARTIES**

2. Plaintiff EIG is a Delaware corporation with its principal place of business located at 270 Madison Avenue, Suite 302, New York, New York 10016.

3. Plaintiff EIG UK is a United Kingdom limited company with its principal place of business located at Energy Intelligence Group (UK) Limited, 2nd Floor, Berkeley Square House,

Berkeley Square, London, W1J 6BD, The United Kingdom.

4. Upon information and belief, Defendant Exelon Generation Company, is a Pennsylvania corporation with a place of business at 4300 Winfield Road, Warrenville, Illinois 60555.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over causes of action alleging copyright infringement pursuant to Sections 501, *et seq.* of the Copyright Act. Additionally, the Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because the federal courts are vested with exclusive jurisdiction in copyright cases. 28 U.S.C. § 1338(a).

6. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is present and doing business in this District, and the acts of copyright infringement alleged herein took place in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## PROCEDURAL HISTORY

8. On July 8, 2020, Plaintiffs filed a complaint alleging claims of copyright infringement against Defendant in the United States District Court for the North District of Illinois. That case was assigned to Judge Joan B. Gottschall and assigned Civil Action No. 20-cv-3983 (the "First Action"). At the time the complaint in the First Action was filed, the Copyright Office had not issued registrations for the works alleged in Paragraph 24 of this Complaint.

9. Following the United States Supreme Court's decision in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (Mar. 4, 2019), which requires plaintiffs to obtain copyright registrations for their works before instituting copyright infringement actions, at least three United States District Courts have dismissed copyright infringement claims on the basis that the amendment of a Complaint to include claims of copyright infringement of works covered

2

by registrations that issued subsequent to the time of the filing of the complaint was ineffective (*see Malibu Media, Inc. v. Doe*, 2019 WL 1454317 (S.D.N.Y. Apr. 2, 2019); *Mai Larsen Designs v. Want2Scrap, LLC*, 2019 WL 2343019, at *4-5 (W.D. Tex. June 3, 2019); and *Izmo, Inc. v. Roadster, Inc.*, 2019 WL 2359228 (N.D. Cal. June 4, 2019)).

10. The three (3) registrations set forth in Paragraph 24 herein now form the basis for this second Complaint for copyright infringement.

11. In view of the identity of the parties and the relatedness of the claims in this action and those in the First Action, Plaintiffs intend to file a motion to consolidate this action with the First Action as soon as practicable.

## FACTUAL BACKGROUND

### A. Plaintiffs' Publications

12. Plaintiffs, and their predecessors-in-interest, have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for nearly seventy years. In particular, Plaintiffs have published the weekly newsletter *Nuclear Intelligence Weekly* ("NIW") since 2011. A representative copy of the June 12, 2020 issue of NIW is attached hereto as Exhibit A (the "June 12, 2020 Registered NIW Work").

13. The audience for Plaintiffs' publications, including NIW, consists of individuals with an interest in the global energy and power industries, including securities brokers and dealers, consultants, bankers, investors, stock market analysts, traders, commodity analysts, and others who follow or work in these industries or sell goods and services to those in or following these industries.

14. Plaintiffs' focus is on providing original, high-quality articles and analysis relating to the nuclear power, natural gas and related industries through NIW and their other publications.

3

Plaintiffs have invested significant time and resources to create their publications, including NIW.

15. Plaintiffs' publications do not feature or have any advertisements or sponsors in order to ensure journalistic integrity and objective reporting. Plaintiffs are, therefore, dependent on paid subscriptions to sustain the viability of their publications.

16. Plaintiffs maintain an experienced and knowledgeable editorial staff of approximately sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai, and Singapore.

17. The copyrighted, original content and analysis created by Plaintiffs included in their publications are valuable copyrighted works and publication assets of Plaintiffs. In addition to NIW, Plaintiffs also publish other original publications, including, but not limited to:

> EI Finance;
> EI New Energy;
> EI New Energy Data Source;
> Energy Compass;
> Energy Intelligence Briefing;
> International Oil Daily;
> Jet Fuel Intelligence;
> LNG Intelligence;
> Natural Gas Week Data Source;
> NGW's Gas Market Reconnaissance;
> Nefte Compass;
> Nefte Compass Data Source;
> Oil Daily;
> Oil Market Intelligence;
> Oil Market Intelligence Data Source;
> Petroleum Intelligence Weekly;
> Petroleum Intelligence Weekly Data Source; and
> World Gas Intelligence Data Source.

18. Plaintiffs have developed an exemplary reputation for their high journalistic standards and the reliability of the content of all their publications, including the EIG Publications.

4

19. In order for third parties to regularly benefit from Plaintiffs' analytical and creative content contained in NIW and Plaintiffs' other publications, Plaintiffs offer various subscriptions to interested parties to access the valuable content contained therein.

20. Interested parties have various subscription options depending on their respective needs. Subscribers typically obtain NIW and Plaintiffs' other publications by email and/or from Plaintiffs' website, which permits password-protected access to archived and/or current issues, pursuant to a subscription or license agreement. Plaintiffs' website also provides the individual articles in Plaintiffs' publications separately from the publication.

21. Interested parties that do not maintain a subscription or license agreement may also purchase individual articles appearing in NIW and Plaintiffs' other publications, as well as archived articles, by using Plaintiffs' pay-per-article service. The license fee per article, per copy, is $24.00 for articles appearing in NIW. The total license fee for this pay-per-article service is the per-article price multiplied by the number of copies of the requested article.

22. Interested parties that do not maintain a subscription or license agreement may also purchase individual issues of NIW including EIG Publications, as well as archived issues, from Plaintiffs using Plaintiffs' pay-per-issue service. The license fee per issue, per copy, is $395.00 for NIW. The total license fee for this pay-per-issue service is the per-issue price multiplied by the number of copies of the requested issue.

    B.    **<u>Plaintiffs' NIW Copyrights</u>**

23. Plaintiffs are the exclusive copyright owners in, and to, numerous original works of authorship including, without limitation, the issues of the copyrighted NIW publications at issue and the articles which are contained therein and independently available.

24. Among other copyright registrations, Plaintiffs are the owners of the following U.S. Copyright Registrations for the following issues of NIW (hereinafter collectively referred to as the "Copyrighted Works"), attached hereto as Exhibit B:

- No. TX 8-888-199 for Volume 14 covering 5 collective works and the articles contained therein published in May 2020;
- No. TX 8-888-279 for Volume 14 covering 4 collective works and the articles contained therein published in June 2020; and
- No. TX 8-890-865 for Volume 14 covering 5 collective works and the articles contained therein published in July 2020.

### C. EIG's Copyright Notices and Warnings

25. Plaintiffs have complied with the laws pertinent to providing notice of Plaintiffs' copyrights in, and to, the NIW publications and their other publications. Specifically, Plaintiffs provide copyright notices and warnings on their website, e-mails, articles and publications, including the Copyrighted Works, so that third parties are aware of Plaintiffs' rights in their publications and works of original authorship (the "Copyright Notice and Warnings"). As a representative example, the Copyright Notice and Warnings contained in the e-mail transmitting the June 12, 2020 Registered NIW Work state:

> Copyright © 2020 Energy Intelligence Group, Inc. All rights reserved.
>
> Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local- and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from Energy Intelligence – Contact customerservice@energyintel.com for more information.

(Exhibit C).

26. As an additional representative example, the Copyright Notice and Warnings on the front cover of the June 12, 2020 Registered NIW Work specifically state: "Copyright © 2020 Energy

Intelligence Group. All rights reserved. Unauthorized access or electronic forwarding, even for internal use, is prohibited." (Exhibit A at 1).

27. As a further representative example, Plaintiffs also use the following Copyright Notice and Warnings in NIW:

> Copyright © 2020 by Energy Intelligence Group, Inc. [. . .] All rights reserved. Access, distribution and reproduction are subject to the terms and conditions of the subscription agreement and/or license with Energy Intelligence. Access, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with Energy Intelligence is willful copyright infringement. Additional copies of individual articles may be obtained using the pay-per-article feature offered at www.energyintel.com.

(Exhibit A at 8).

28. Based on these representative examples of the Copyright Notice and Warnings set forth in the Copyrighted Works, Plaintiffs are in compliance with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401.

29. Accordingly, Defendant knew or should have known that the June 12, 2020 Registered NIW Work and all other issues of NIW received by the Defendant and the articles contained therein were and are protected by U.S. copyright laws.

30. The copyright notices appearing conspicuously on multiple materials received by the Defendant, including the NIW publications, demonstrate Defendant's actual notice of Plaintiffs' copyrights in the Copyrighted Works received by the Defendant and the articles contained therein, all of which are protected by U.S. copyright laws.

31. Defendant had constructive knowledge of Plaintiffs' copyrights in the Copyrighted Works based on receiving the Copyrighted Works containing the copyright notices prominently displayed in each of the NIW publications.

32. Having complied with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401, Plaintiffs have provided Defendant with complete and proper notice of Plaintiffs' copyrights in the Copyrighted Works.

    **D.**    **Defendant's NIW Subscription History**

33. From at least as early as November 2011, Defendant has maintained a subscription for two of its employees to each receive a single-copy of NIW and the articles therein by email delivery.

34. One of the recipients of NIW, Mr. Kenneth Petersen, Vice President, Nuclear Fuels has been a designated recipient of NIW since November 9, 2011.

35. On November 20, 2019, Defendant most recently renewed its subscription for Mr. Petersen and one other individual to each receive a single-copy of NIW via email delivery for a one-year period, which expired on November 18, 2020.

36. From at least as early as 2011 through the present, Plaintiffs transmitted to Defendant invoices and/or subscription agreements on an annual basis for the renewal of its subscription to NIW (the "NIW Agreements"). By way of example, the invoice and subscription agreement for Defendant's two-copy license to NIW, which was in effect on June 12, 2020 (the "2019-2020 NIW Agreement"), specifically states that:

> By payment of this invoice and/or use of EIG Services, you hereby acknowledge receipt, review and acceptance of Energy Intelligence's terms and conditions shown on the reverse side of this invoice.

A copy of the invoice and subscription agreement are annexed hereto as Exhibit D.

37. The 2019-2020 NIW Agreement further states in part that:

> [a]ll unauthorized reproductions, or disseminations or other uses of material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights.

38. Defendant has accepted the terms of the NIW Agreements as well as the subscription services provided by Plaintiffs under the NIW Agreements.

### E. Defendant's Infringement of the Copyrighted Works

39. Plaintiffs have analyzed data reflecting Defendant's activity on the servers of the third-party email delivery service (the "Delivery Service") that delivers NIW to Defendant. Although neither Plaintiffs nor the Delivery Service have ever accessed Defendant's servers or computer systems, various employees of Defendant have downloaded certain information and images contained in the cover email provided with each issue of NIW from the Delivery Service's servers.

40. The data from the Delivery Service's servers indicates that the emails delivering NIW were opened multiple times each day, using multiple unique devices. Upon information and belief, Defendant has been copying and distributing copies of the Copyrighted Works to employees of Defendant.

41. Upon information and belief, the email delivering the March 15, 2019 Registered NIW Work to Kenneth Petersen was opened approximately 102 times on 35 unique devices, in association with multiple copies of NIW and demonstrating that Defendant distributed copies of the March 15, 2019 Registered NIW Work to multiple employees of Defendant.

42. Upon information and belief, between July 20, 2018 and October 18, 2019, the approximately 65 emails delivering NIW to Kenneth Petersen during that period were opened 880 times on 159 unique devices by various employees of Defendant and/or others, further demonstrating Defendant's copying and distribution of the Copyrighted Works to employees of Defendant and/or others.

43. Upon information and belief, the unlawful copying and distribution of the Copyrighted Works by Defendant began as least as early as May 1, 2020 and has continued through to the present.

44. Upon information and belief, Defendant's email servers, servers, and computer systems are highly secure and only those individuals or entities that Defendant designates may access them.

45. Upon information and belief, Defendant's email servers, servers, and computer systems cannot be accessed by the general public or by Plaintiffs.

46. Upon information and belief, despite notice of the numerous Copyright Notice and Warnings against reproduction and copying and the terms and conditions of Defendant's subscriptions to NIW, Defendant has been making copies of the Copyrighted Works, and the articles contained therein, and forwarding or otherwise distributing the same, all in violation of Plaintiffs' copyrights in the Copyrighted Works.

47. Plaintiffs have never authorized Defendant to copy, transmit, or distribute the Copyrighted Works in a manner exceeding the scope of its subscription licenses.

48. Upon information and belief, Defendant actively and willfully infringed Plaintiffs' registered copyrighted works and concealed its regular and systematic copying and forwarding of the Copyrighted Works, and the articles contained therein, from Plaintiffs.

49. By unlawfully copying, transmitting and distributing the Copyrighted Works, Defendant has, and is, violating Plaintiffs' exclusive rights to reproduce and distribute the Copyrighted Works.

50. Upon information and belief, Defendant's acts of copying and distributing the Copyrighted Works constitute willful infringement of Plaintiffs' Copyrighted Works.

## COUNT ONE

## (INFRINGEMENT OF THE COPYRIGHTED WORKS)

51. Plaintiffs repeat and reallege the allegations of Paragraphs 1-50 as though fully set forth herein.

52. The Copyrighted Works are highly original and contain creative expression and independent analysis. The individual works comprising the Copyrighted Works are original works copyrightable under 17 U.S.C. § 102(a).

53. Plaintiffs owns all right, title, and interest in and to the Copyrighted Works and are the owners of valid copyright registrations for the Copyrighted Works. *See* Exhibit B.

54. As the owner of the Copyrighted Works, Plaintiffs have the exclusive right to reproduce the Copyrighted Works and distribute copies of the Copyrighted Works pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 106.

55. Copies of the Copyrighted Works were made available to and were received by Defendant pursuant to subscription agreements for a two-copy license to NIW.

56. Upon information and belief, Defendant has for years willfully copied and distributed the Copyrighted Works on a consistent and systematic basis, without Plaintiffs' authorization or consent, and concealed these activities from Plaintiffs.

57. Based on the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications, in the language in the subscription agreements, including the Copyrighted Works, in the language of the subscription agreements, in the transmittal cover emails delivering the NIW publications to Defendant, and on Plaintiffs' website, Defendant knew and/or was on notice that the Copyrighted Works were and are protected by the copyright

laws, and Defendant is therefore unable to assert a defense of innocent infringement. *See* 17 U.S.C. § 401(d).

58. Defendant's subscription agreements for a two-copy license to NIW, and U.S. copyright law, prohibit copying and distributing of the Copyrighted Works. 17 U.S.C. § 501(a).

59. Upon information and belief, Defendant willfully infringed the copyrights in the Copyrighted Works by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

60. Defendant's acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the Copyrighted Works. Defendant's past and continuing copying, transmitting, and distribution of Plaintiffs' Copyrighted Works constitute a willful, deliberate, and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

61. Plaintiffs have no adequate remedy at law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant on the foregoing claim as follows:

(1) That Defendant, its directors, officers, agents, subsidiaries, and affiliates, and all persons acting by, through, or in concert with any of them, be permanently enjoined from infringing any copyrights of Plaintiffs in any manner, and from copying, exhibiting, transmitting, displaying, distributing, or preparing derivative works from

any of the copyrighted material in any past, present, or future issue of NIW, including the Copyrighted Works and the articles contained therein;

(2) That Defendant be required to pay to Plaintiffs such actual damages as it has sustained and/or statutory damages as a result of Defendant's copyright infringement pursuant to 17 U.S.C. § 504, which should be increased due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(3) That Defendant be required to account for and disgorge to Plaintiffs all gains, profits, and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504;

(4) That the Court issue an Order requiring Defendant to hold harmless and indemnify Plaintiffs from any claim(s) raised by any third party who allegedly relied on any of Plaintiffs' publications it received as a result of Defendant's unauthorized use of the Plaintiffs' copyrighted materials;

(5) That the Court enter judgment against Defendant in favor of Plaintiffs' claims, including pre-judgment and post-judgment interest, as allowed by law;

(6) That the Court enter judgment against Defendant finding that its unlawful copying, transmitting, and distributing of the Copyrighted Works and the articles contained therein was willful;

(7) That Defendant be ordered to pay to Plaintiffs their costs in this action along with reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

(8) That Plaintiffs be granted such other, further, and different relief as the Court deems just and proper.

Dated: October 25, 2021                              Respectfully submitted,

                                                                            POWLEY & GIBSON, P.C.

By: /s/ Katherine Laatsch Fink

Binal J. Patel
Illinois Bar No. 6237843
bpatel@bannerwitcoff.com
Katherine Laatsch Fink
Illinois Bar No. 6292806
kfink@bannerwitcoff.com
Banner & Witcoff, Ltd.
71 South Wacker Drive
Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

and

Robert L. Powley
rlpowley@powleygibson.com
New York State Bar No. 2467553
James M. Gibson
jmgibson@powleygibson.com
New York State Bar No. 2622629
Stephen M. Ankrom
smankrom@powleygibson.com
New York State Bar No. 4609426

POWLEY & GIBSON, P.C.
60 Hudson Street, Suite 2203
New York, NY 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Plaintiffs,
ENERGY INTELLIGENCE GROUP, INC.
and ENERGY INTELLIGENCE GROUP
(UK) LIMITED